UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE UMBRELLA INVESTMENTS GROUP, L.L.C., ET AL. | CIVIL ACTION<br><br>NO: 19-02156 |
| VERSUS | SECTION: T |
| WOLTERS KLUWER FINANCIAL SERVICES, INC. | |

## ORDER

Before the Court is a Rule 12(b)(6) Motion to Dismiss[1] filed by defendant, Wolter Kluwer Financial Services, Inc. ("Defendant"). The Umbrella Investment Group, L.L.C., Lawrence Q. Robertson, Micco D. Johnson, Jamarritt Alexis, Eugene Pierre Steib, Valvenia R. Joseph, Leonard Robertson, III, Gregory Williams, and Detrell Edmonds ("Plaintiffs") have filed an opposition.[2] For the following reasons, the Motion to Dismiss is **GRANTED**.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of Plaintiffs' fraud claim related to the classification of immovable property under the Flood Disaster Act of 1973.[3] Plaintiffs are a limited liability company and its directors who purchased certain immovable property to create a sports bar.[4] Defendant is a financial services company who allegedly incorrectly certified that the immovable property was not within a special flood zone, and therefore, did not require flood insurance under the Flood Disaster Protection Act of 1973.[5] In reliance on Defendant's certification, Plaintiffs purchased the immovable property and executed a promissory note in in favor of Pedestal Bank.[6] Plaintiffs were

---

[1] R. Doc. 11.
[2] R. Doc. 18.
[3] R. Doc. 1.
[4] R. Doc. 1.
[5] R. Doc. 1 ¶11.
[6] R. Doc. 1, ¶5.

1

unable to afford the costly flood insurance, which resulted in Pedestal Bank seizing the immovable property.[7]

Plaintiffs filed this action against the Defendant for fraud.[8] Defendant filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) contending that the complaint fails to comply with the heightened pleading requirements for fraud claims compelled by Fed. R. Civ. P. 9(6), and that the complaint should, therefore, be dismissed for failure to state a claim upon which relief can be granted.[9]

## **LAW AND ANALYSIS**

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[10] Motions to dismiss for failure to state a claim are viewed with disfavor and are rarely granted.[11] To survive a motion to dismiss, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[12] In evaluating a complaint under Rule 12(b)(6), the district court should confine itself to the pleadings,[13] and the documents attached to the complaint.[14]

A complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[15] The complaint is construed in the light most favorable to plaintiff, accepting as true all well-pleaded

---

[7] R. Doc. 1, ¶ 14.
[8] R. Doc. 1.
[9] R. Doc. 11.
[10] Fed. R. Civ. P. 12(b)(6).
[11] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[12] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).
[13] *Kennedy v. Chase Manhattan Bank USA, NA*, 369 F.3d 833, 839 (5th Cir. 2004).
[14] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).
[15] *Iqbal*, 556 U.S. at 678.

factual allegations and drawing all reasonable inferences in plaintiff's favor.[16] On the other hand, courts may not rely on "legal conclusions that are disguised as factual allegations."[17] If factual allegations are insufficient to raise a right to relief above the speculative level, the claim should be dismissed.[18]

However, pleadings which allege fraud must be plead to a heightened standard.[19] "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."[20] "A dismissal for failure to plead fraud with particularity under Rule 9(b) is treated as a dismissal for failure to state a claim under Rule 12(b)(6)."[21] The Fifth Circuit requires a plaintiff pleading fraud to "specify the statements contended to be fraudulent, identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent."[22]

In the present case, the complaint alleges that Defendant "knew that the property was in a flood hazard area, and deliberately, fraudulently, and falsely failed to disclose this information."[23] The Court finds that the allegations in the complaint fail to satisfy the requirements of Fed. R. Civ. P. 9(b). The complaint fails to detail facts regarding who, what, when, where, and how Defendant allegedly acted fraudulently, and merely concludes that Defendant "knew the property was in a

---

[16] *Lovick v. Ritemoney Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004) (*citing Herrmann Holdings Ltd. v. Lucent Techs., Inc.*, 302 F.3d 552, 558 (5th Cir. 2002)).
[17] *Jeanmarie v. United States*, 242 F.3d 600, 603 (5th Cir. 2001) (*citing Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995)).
[18] *Twombly*, 550 U.S. at 555.
[19] *See,* Fed. R. Civ. P. 9(b).
[20] *Id.*
[21] *River Parishes Dirt & Gravel, LLC v. Willow Bend Ventures, LLC*, 2019 U.S. Dist. LEXIS 88801, *12 (E.D. La. May 28, 2019) (quoting *United States ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n.8 (5th Cir. 2009)).
[22] *Dorsey v. Portfolio Equities, INC.*, 540 F. 3d 333, 339 (5th Cir. 2008).
[23] R. Doc. 1.

flood hazard area."[24] Accepting the complaint's well-pleaded factual allegations as true, the Court finds that the complaint fails to state a claim for fraud.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss is **GRANTED.**

**New Orleans, Louisiana**, on this __7th__ day of January, 2020.

                                                      **GREG GERARD GUIDRY**
                                        **UNITED STATES DISTRICT JUDGE**

---

[24] R. Doc. 1.